# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| KING SOLOMON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     No. 2:19-CV-82 ACL |
| | ) |
| WARDEN at NECC and DEPUTY WARDEN at NECC, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff King Solomon (inmate number 22387) for leave to commence this civil action without prepayment of the filing fee. ECF No. 2. While incarcerated, plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis* and dismiss plaintiff's complaint without prejudice.

## The Complaint

Plaintiff is a *pro se* litigant currently incarcerated at the Northeast Correctional Center ("NECC") in Bowling Green, Missouri. He brings this action pursuant to 42 U.S.C. § 1983, naming the Warden and Deputy Warden at NECC as defendants. It is difficult to discern plaintiff's ultimate claim, as his complaint consists mainly of declarative statements in which plaintiff assumes various titles and mantles of authority. For instance, plaintiff begins the statement of his claim by stating that he "would like to proclaim [his] Nationality and Divine Creed." ECF No. 1 at 5. He asserts that he is "Prophet, Noble Drew Ali & the Sultan Abdul Aziz … Sand, who is Allah himself." He further claims he is "the only 'Journalist' in the whole world" and the "real

'true and Divine Warden, as well as vestryman' in the world." Plaintiff asks the Court why he cannot start working while incarcerated, stating that he will work for $101,000 a month for any job. *Id.*

For relief, plaintiff requests that the Court enforce "all of [his] laws" and "give" the defendants 2,000 years for "impersonating" him and for "embezzlement" of his faith. *Id.* at 6. He further seeks damages in the amount of "$700,707,700 zillion dollars." *Id.*

## Discussion

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. He is a frequent filer who has had more than three previous cases dismissed on the basis of frivolity, maliciousness, or for failure to state a claim. As such, his motion to proceed *in forma pauperis* will be denied and his case dismissed without prejudice.

### A. Three Strikes Rule: 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1996 enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action … in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th

2

Cir. 2006). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

**B. Plaintiff's Previous "Strikes"**

Based on a review of cases filed in the United States District Court for the Western District of Missouri, plaintiff[1] has accumulated more than three strikes.[2] Based on these cases, the Western District has determined that, pursuant to 28 U.S.C. § 1915(g), plaintiff is not allowed to proceed *in forma pauperis*.[3] Plaintiff has filed over twenty separate cases in the United States District Court for the Eastern District of Missouri in which he has been denied *in forma pauperis* status on the basis of § 1915(g).[4] In all of those cases, plaintiff's complaint was dismissed without prejudice.

---

[1] The Court notes that in the cases before the Western District, plaintiff identified himself as 'Solomon Seales' and 'Soloman Seals.' In later cases filed before the Eastern District, plaintiff has identified himself as 'Soloman Seales, Jr.'; 'Solomon Seals'; and 'King Solomon Seals.' In the instant case, he refers to himself as 'King Solomon.' These discrepancies notwithstanding, plaintiff's inmate identification number (22387) indicates that the same man initiated all of these lawsuits.

[2] *See Seales v. Groose*, No. 2:95-CV-4187-SOW (W.D. Mo. May 18, 1995) (dismissed July 17, 1995); *Seales v. Moorish Science Temple*, No. 2:95-CV-4246-SOW (W.D. Mo. July 3, 1995) (dismissed Sept. 14, 1995); *Seales v. Groose*, No. 2:96-CV-4053-FJG (W.D. Mo. Feb. 20, 2996) (dismissed Apr. 22, 1996); *Seales v. Groose*, No. 2:96-CV-4232-NKL (W.D. Mo. June 21, 1996) (dismissed Sept. 4, 1996); and *Seals v. Kemna*; No. 5:98-CV-6153-HFS (W.D. Mo. Oct. 16, 1998) (dismissed Nov. 30, 1998).

[3] *See Seales v. Groose*, No. 2:97-CV-4011-NKL (W.D. Mo. Jan. 16, 1997) (dismissed Mar. 17, 1997); *Seales v. Groose*, No. 2:97-CV-4126-SOW (W.D. Mo. May 1, 1997) (dismissed July 2, 1997); *Seals v. Groose*, No. 2:98-CV-4069-SOW (W.D. Mo. Mar. 19, 1998) (dismissed May 20, 1998); *Seals v. Kemna*, No. 2:98-CV-4133-NKL (W.D. Mo. May 27, 1998) (dismissed July 29, 1998); *Seals v. Adept Chamber of Moorish Science*, No. 2:98-CV-4162-NKL (W.D. Mo. June 24, 1998) (dismissed Aug. 21, 1998); *Seals v. Kemna*, No. 2:98-CV-4208-SOW (W.D. Mo. Aug. 21, 1998) (dismissed Nov. 3, 1998); *Seales v. Purkett*, No. 2:99-CV-4043-NKL to No. 2:99-CV-4050-NKL (W.D. Mo. Mar. 2, 1999) (dismissed Apr. 19, 1999); and *Seales v. Jeff. City Corr. Ctr.*, No. 2:99-CV-4210-NKL (W.D. Mo. Aug. 18, 1999) (dismissed Oct. 29, 1999).

[4] *See Seales v. Adams*, No. 4:12-CV-920-AGF (E.D. Mo. May 18, 2012) (dismissed June 1, 2012); *Seales v. Cir. Ct. of St. Louis County, Mo.*, No. 4:12-CV-1004-NAB (E.D. Mo. June 1, 2012) (dismissed June 6, 2012); *Seales v. Warden of PCC*, No. 4:12-CV-1096-NAB (E.D. Mo. June 18, 2012) (dismissed June 26, 2012); *Seales v. Gravett*, No. 4:12-CV-1139-JAR (E.D. Mo. June 21, 2012) (dismissed July 2, 2012); *Seales v. Gilmer*, No. 4:12-CV-1149-ERW (E.D. Mo. June 25, 2012) (dismissed July 5, 2012); *Seales v. Landrum*, No. 4:12-CV-1181-CAS (E.D. Mo. June 27, 2012) (dismissed July 16, 2012); *Seales v. Each Psychologist at PCC*, No. 4:12-CV-1186-CDP (E.D. Mo. June 27, 2012) (dismissed July 23, 2012); *Seales v. Mo. State Prob. and Parole*, No. 4:12-CV-1781-CDP (E.D. Mo. Oct. 1, 2012) (dismissed Oct. 17, 2012); *Seales v. Nixon*, No. 4:12-CV-1829-CAS (E.D. Mo. Oct. 5, 2012) (dismissed Oct. 16, 2012); *Seales v. U.S. Dist. Ct., E. Dist. of Mo.*, No. 4:12-CV-2084-FRB (E.D. Mo. Nov. 5, 2012) (dismissed Nov. 20, 2012); *Seales v. Warden of PCC*, No. 4:12-CV-2237-NAB (E.D. Mo. Nov. 28, 2012) (dismissed Dec. 10, 2012);

**C. Imminent Danger**

Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id*.

Plaintiff has not alleged that he is in imminent danger. Indeed, he has not alleged anything at all.[5] As noted above, plaintiff's complaint consists of declarative statements in which he variously pronounces his alleged leadership positions. None of his allegations mention his conditions of confinement except to comment on his inability to work while confined at a salary of over $100,000 per month. None of his statements come close to asserting that he is in any danger whatsoever, much less in imminent danger of serious physical injury. He has thus failed to demonstrate that the exception to the three-strikes provision in § 1915(g) is applicable to him.

---

*Seales v. Scaife*, No. 4:12-CV-2375-SNLJ (E.D. Mo. Dec. 21, 2012) (dismissed Jan. 3, 2013); *Seales v. Hiawatha*, No. 4:13-CV-373-SPM (E.D. Mo. Feb. 27, 2013) (dismissed Mar. 6, 2013); *Seales v. Reese*, No. 4:13-CV-1696-RWS (E.D. Mo. Aug. 23, 2013) (dismissed Sept. 11, 2013); *Seals v. Perkins*, No. 4:17-CV-2205-JCH (E.D. Mo. Aug. 3, 2017) (dismissed Aug. 7, 2017); *Seals v. Griffith*, No. 4:17-CV-2515-SNLJ (E.D. Mo. Oct. 2, 2017) (dismissed Oct. 5, 2017); *Seals v. Muslims*, No. 4:18-CV-1215-RWS (E.D. Mo. July 23, 2018) (dismissed Aug. 27, 2018); *Seals v. Christian Ministries of PCC*, No. 4:18-CV-1401-HEA (E.D. Mo. Aug. 22, 2018) (dismissed Aug. 27, 2018); *Seals v. N.A.A.C.P.*, No. 4:19-CV-809-SNLJ (E.D. Mo. Apr. 1, 2019) (dismissed July 1, 2019); and *Seals v. Jones-Bey*, No. 4:19-CV-2237-JAR (E.D. Mo. July 25, 2019) (dismissed July 29, 2019).

[5] The Court notes that even if plaintiff was granted *in forma pauperis* status, his complaint would be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Specifically, plaintiff has not alleged that defendants acted under color of state law or violated a constitutional right. *See Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (explaining that to state a § 1983 claim, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right").

Therefore, the Court will deny plaintiff's motion to proceed *in forma pauperis* and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of November, 2019.

_/s/ E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE